**BONDY FIXTURE COMPANY, Inc.,**
Appellant,

v.

**Carl P. FOGEL, Appellee.**

**No. 3374.**

District of Columbia Court of Appeals.

Argued Dec. 9, 1963.

Decided Jan. 24, 1964.

Harvey B. Steinberg, Bethesda, Md., for appellant.

George J. Hughes, Washington, D. C., with whom Harvey A. Jacobs, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

**2.** Woodward v. Armstrong, 64 App.D.C. 4, 73 F.2d 513.

QUINN, Associate Judge.

Between 1955 and 1961 an attorney-client relationship existed between appellee and appellant. During this period appellant, the client, made a personal loan of $2,000 to appellee and furnished him with certain goods and materials. When the attorney-client relationship was terminated, appellant brought suit for the unpaid loan and goods. Appellee counterclaimed for professional services rendered during the period. Trial was had by the court sitting without a jury and a finding of $672.91 was entered for appellee. This was computed by finding appellee indebted to appellant for $3,320.51, and appellant indebted to appellee for $3,993.42. The present appeal relates only to the latter finding and more particularly to seven of twelve claims for services rendered. Appellant has grouped these claims in four categories corresponding to its assignments of error.[1]

■■ In the first category appellant has placed three claims which the trial court allowed on a quantum meruit basis. Appellant contends that a retainer agreement existed between the parties which precluded a quantum meruit award. At the time of trial conflicting versions were given as to the terms of the oral understanding between the parties. Although they agreed that appellee was to receive a $50 monthly retainer for eighteen months, and thereafter a contingency fee, there was considerable disagreement as to how the retainer was to be supplemented. In a similar situation between attorney and client, we have said:

"* * * Where the language of the contract does not clearly disclose the intent of the parties, and evidence of surrounding circumstances has been resorted to, the question is one of fact. * * *"[2]

In the case at bar, both the nature of the agreement and the conflicting testimony presented factual questions as to whether the agreement provided for supplementary compensation, and, if so, in what amount. The record contains ample evidence to support the trial court's affirmative findings and award of a reasonable fee for services rendered.[3]

■ In the second category appellant has placed one claim for which the trial court awarded $750. Appellant contends this claim is barred because it arose at a time when appellee was employed on a contingency basis and the claim was lost. At the time of trial, however, appellant stipulated that a $250 fee was owing on this claim. Appellant's contention, therefore, made for the first time on appeal, is improper.

■ In the third category appellant has placed three claims for which appellee was awarded fees as a forwarding attorney. Appellant contends that in each instance appellee did not participate in the forwarded cases. The record, however, reveals ample evidence upon which the trial court based each award.

■ In the fourth category appellant placed two claims contending that the trial court erred in awarding fees in excess of an amount billed by appellee himself. Appellant's contention rests upon the interpretation of an exhibit containing a letter and enclosure sent by appellee to appellant. Appellant contends the amounts listed on the enclosure made it the equivalent of a bill; appellee argues they merely represented a compromise offer. Again, the conflict in the testimony and the interpretation of the exhibit presented factual questions for the trial court to resolve. The findings are adequately supported by the record.

Affirmed.

1. Appellant has placed several of the claims in more than one category.

2. Roberts v. Veterans Cooperative Housing Ass'n, D.C.Mun.App., 88 A.2d 324, 326 (1952).

3. Compare Porter v. Trustees of Cincinnati Southern Ry., 96 Ohio 29, 117 N.E. 20, 22 (1917).